803 So.2d 1199 (2000)
John McCRAY, Appellant,
v.
KEY CONSTRUCTORS, INC. and St. Paul Fire & Marine Insurance Company, Appellees.
No. 1999-WC-00205-COA.
Court of Appeals of Mississippi.
October 24, 2000.
Rehearing Denied January 23, 2001.
*1200 Dana J. Swan, Chapman, Lewis & Swan, Clarksdale, Attorney For Appellant.
Andrew D. Sweat, Wise, Carter, Child & Caraway, P.A., Brenda Currie, Attorneys For Appellees.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. John McCray was injured in a fall at a road construction job site while in the course of his employment with Key Constructors, Inc. Based on evidence received from medical service providers, the Mississippi Workers' Compensation Commission determined that McCray had suffered a nine percent permanent partial medical disability to his right lower extremity, a ten percent permanent partial medical disability to his left lower extremity, and a ten percent permanent partial medical disability to his left upper extremity. The Commission awarded benefits accordingly, making the necessary percentage calculations as to each permanently injured extremity under Section 71-3-17(c) of the Mississippi Code of 1972. Believing that the evidence demonstrated an entitlement to more benefits, McCray unsuccessfully appealed the award to the Circuit Court of Hinds County. McCray has now appealed the matter to this Court. In his appeal, McCray urges that the Commission erred when it determined that he had not suffered a total loss of wage earning capacity under Section 71-3-17(a), which would entitle him to substantially greater benefits than those derived from the mathematical application of the percentages of medical disability assigned to the various scheduled members by his treating physician. McCray's contention is that he is entitled to the maximum disability benefits available under the statute since, though his injuries all related to scheduled members, the ultimate impact has been to render him totally incapacitated from any gainful employment.
¶ 2. For reasons we will proceed to state, we find McCray's argument unpersuasive and affirm the decision of the circuit court.

I.

Facts
¶ 3. McCray was at work at a road construction job site in Hinds County when he fell some distance to the ground from a mechanical device used at the job. After extensive treatment, McCray was determined to have reached maximum medical recovery, though he was left with the partial permanent physical impairments to his extremities set out earlier in this opinion.
¶ 4. The administrative judge awarded benefits based on the appropriate percentages *1201 for each of McCray's permanent physical impairments and, in addition, awarded him benefits based on a psychological injury in the form of a post-injury stress disorder testified to by one medical provider. The Full Commission affirmed the administrative judge as to the benefits based on injuries to McCray's extremities but set aside the benefits for McCray's alleged disabling psychological injury based on the conclusion that "loss of wage earning capacity is the sole and only measure of permanent disability" for psychological injuries. The Commission determined that McCray had failed to carry his burden of showing a loss of wage earning capacity arising out of either (a) the overall impact of his physical injuries on his general wage-earning ability, or (b) his psychological disorder.
¶ 5. In this appeal, McCray has abandoned any claim to additional benefits associated with his psychological injuries. Instead, he focuses his argument on the notion that his physical injuries have rendered him permanently and totally disabled from further employment. We will, therefore, not treat the matter of McCray's alleged psychological disorder further.

II.

Discussion
¶ 6. It is not subject to dispute that, based upon limitations on activities advised by McCray's treating physicians, he is unable to return to the same construction job at which he was working at the time of his injury. McCray argues that this fact, standing alone, is enough to give rise to a presumption that he is totally disabled, thereby shifting to his employer the burden of proving that his occupational disability was less than total. McCray relies on the following pronouncement by the Mississippi Supreme Court in Jordan v. Hercules, Inc. to support his argument:
When the claimant, having reached maximum medical recovery, reports back to his employer for work, and the employer refuses to reinstate or rehire him, then it is prima facie that the claimant has met his burden of showing total disability. The burden then shifts to the employer to prove a partial disability or that the employee has suffered no loss of wage earning capacity.
Jordan v. Hercules, Inc., 600 So.2d 179, 183 (Miss.1992).
¶ 7. McCray urges this Court to conclude that his employer failed in its burden to prove that his disability was something less than complete, thus requiring us to find him permanently and totally disabled from gainful employment.
¶ 8. We begin our analysis by acknowledging that the burden-shifting rule announced in Jordan v. Herculeson initial view appears to be a departure from the supreme court's previous comments regarding when a prima facie case of total disability had been made out. Before Jordan v. Hercules,the claimant was required to establish two things in order to make a prima facie case of total disability. First, the employer must refuse to offer work to the former employee anxious to return to the employer's fold, and secondly, the spurned employee must present evidence of a reasonable effort to obtain work from other available sources. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 640 (Miss.1978). Jordan v. Hercules seems to have simply discarded, without reference to Thompson v. Wells-Lamont Corp, the second part of the claimant's previously-existing burden.
¶ 9. However, we observe that the supreme court has, on at least one other occasion, quoted verbatim the rule announced in Jordan v. Herculesin the process of analyzing a workers compensation case, although the court, later in its opinion, *1202 acknowledged the continued viability of Thompson v. Wells-Lamont Corp., and, in fact, appeared to blur the distinction between the two cases by discussing the "Jordan/Thompson test." See Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1226-28 (Miss.1997).
¶ 10. One potential factual impediment exists as to McCray's claim that his inability to return to his former work established a prima facie case of total disability under Jordan v. Hercules. The proof showed that McCray's employer had offered to rehire him in the job as a flagman at a construction site in the City of Natchez. Since the refusal to extend employment is an essential element of the burden-shifting rule, this fact on its face seems to cast the applicability of Jordan v. Hercules into doubt. McCray argues that this offer should not be considered because it was extended merely out of sympathy and could not be seen as a bona fide employment opportunity that could be used to rebut the presumption of total disability. See Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789, 792 (1953). Alternatively, he argues that, though, in meeting his duty to seek available employment, he "must cast his eyes further than across the street" (Walker Mfg. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991), modified on other grounds), nevertheless the distance from Jackson to Natchez is so great as to suggest the necessity of moving his residence in order to accept the position a requirement the employer apparently may not impose. Id.; see Pontotoc Wire Products Co. v. Ferguson, 384 So.2d 601, 603 (Miss.1980).
¶ 11. In the final analysis, we find it largely immaterial in this case as to whether McCray established a prima facie case of total disability or not, since, even if he did, case law is clear that the prima facie case may be overcome by affirmative evidence that other jobs existed in the relevant job market for which the claimant was at least facially qualified and that the claimant made no legitimate effort to pursue any such employment. Hale v. Ruleville Health Care Center, 687 So.2d at 1227; Thompson v. Wells-Lamont Corp., 362 So.2d at 640. In this case, there was substantial evidence presented regarding both the availability of work other than the flagman's position in Natchez for which McCray appeared suited. Further there was evidence concerning the effort, or lack thereof, that McCray exerted in attempting to obtain such employment.
¶ 12. Once there is a quantity of evidence developed on both sides of a question such as this, the duty of the fact-finder becomes that of determining where the preponderance of the evidence might lie. The establishment of a prima facie case one way or the other merely controls the order in which the parties must present evidence bearing on the critical question. The order in which the evidence came before the fact-finder, once both sides have been given the opportunity to exhaustively explore the question, becomes largely a matter of no consequence. The supreme court conceded as much in Hale v. Ruleville Health Care Centerwhen it found that the Commission had erred as a matter of law in analyzing the case under the dictates of Jordan v. Hercules,yet moved on to an analysis of the underlying evidence since it was "clear that the Commission made some inquiry into the ... issue of whether or not Hale made a showing of total disability and, if so, whether or not said presumption was rebutted." Hale v. Ruleville Health Care Center, 687 So.2d at 1227.
¶ 13. We, therefore, elect to leave a determination as to whether evidence of quality presented in this case is sufficient to make a prima facie case of total disability under Jordan v. Hercules until the *1203 question arises in a case where the determination might prove to be outcome-determinative, and proceed to analyze the evidence itself, much as the supreme court did in Hale v. Ruleville Health Care Center.
¶ 14. McCray's evidence of his loss of wage-earning capacity consisted principally of the fact that he had not returned to work since his injury. He blamed his failure to return to work on the unavailability of any jobs in the area for which he was qualified by education and experience, once his post-injury physical limitations were considered.
¶ 15. Key Constructors attacked that proposition in two ways. First, it pointed out that, in fact, it offered to rehire McCray at another job more suited to his post-injury condition, that job being as a flagman at another job site in Natchez. We have already looked at that issue and found it unnecessary to resolve it since the case can be properly decided on the other ground raised by Key Constructors.
¶ 16. In addition to testimony concerning the flagman's position in Natchez, Key Constructors presented evidence that, through a service provided by its workers' compensation carrier, McCray had been furnished a vocational rehabilitation counselor who had attempted to work with him to identify and pursue other employment opportunities in the Jackson area for which McCray was suited and, at least facially, qualified. This counselor testified that, taking into account McCray's work history, educational level, and then-existing physical limitations, the counselor was able to identify a number of specific jobs available in the area for which McCray appeared suited in all respects. The counselor further testified that he had made himself available to assist McCray to prepare resumes and to counsel him through the job application and interview process. However, the counselor reported that, after an initial period of apparent interest, McCray became uncooperative, missed two scheduled appointments with the counselor, and, insofar as the counselor could determine, never pursued any of the job positions identified by the counselor.
¶ 17. In order to be deemed permanently totally disabled under Section 71-3-17(a), a claimant must show something more than an inability to return to the job existing at the time of injury. By definition, "disability" consists of "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment...." Miss.Code Ann. § 71-3-3(i) (Rev.1995) (emphasis supplied). The injured claimant, in order to demonstrate total disability must show that he has made a diligent effort, but without success, to obtain other gainful employment. A finding that the claimant has not pursued alternate forms of work with sufficient diligence is grounds to deny a claim of total disability. Walker Mfg. Co. v. Cantrell, 577 So.2d at 1249. In this case, the administrative judge, in findings later adopted by the Full Commission, termed McCray's efforts to find other suitable employment "half-hearted." Based upon our review of the record, we find substantial evidence to support that conclusion.
¶ 18. There is, therefore, substantial evidence in the record to support a conclusion that McCray failed in his burden to prove a total loss of wage-earning capacity under Section 71-3-17(a). This conclusion is supported by the fact that McCray's employer made substantial efforts to identify available job opportunities that McCray was qualified for by education and experience, even in light of his post-injury physical condition. This could appropriately be coupled with the findings (a) that McCray's efforts to pursue such alternate employment opportunities were, at best, *1204 luke-warm, and (b) that there was no evidence that McCray independently pursued some other gainful employment for which he might be suited, taking into account his diminished physical abilities. There was, in fact, evidence that the salaries for some of the positions suggested by the rehabilitation counselor which McCray failed to pursue actually paid more than McCray was earning at the time of his injury. When all these matters are considered, we conclude that there was enough evidence before the Commission to support a finding that McCray failed in his burden to prove a loss of wage-earning capacity.
¶ 19. McCray does not make the alternative argument that, because the impact of his injuries on his ability to perform the customary acts of his usual employment was greater than the functional disability identified by his treating physician, he is entitled to compensation under the scheduled-member section (Section 71-3-17(c)) computed at one hundred percent of the amount allowed for those permanently-injured members. Instead, he focuses his argument entirely on the proposition that, because his injuries have left him unable to obtain any form of gainful employment, he is entitled to the maximum disability allowance permitted under Section 71-3-17(a).
¶ 20. Because we find his argument to be without merit for the reasons stated, we are necessarily left with the proposition that his benefits arising out of the permanent injuries to his extremities were properly calculated based on the degree of proven medical disability without regard to the effect those disabilities had on either (a) McCray's ability to return to his former job or (b) his wage-earning capacity in a more general sense. Smith v. Jackson Constr. Co., 607 So.2d 1119, 1126 (Miss. 1992).
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. PAYNE, J., CONCURS IN RESULT ONLY. MYERS, NOT PARTICIPATING.