KING, C.J.,
for the Court.
¶ 1. Delphi Packard Electric Systems appeals the decision of the Mississippi Workers’ Compensation Commission finding that Earnil Brown was entitled to permanent total disability benefits as a result of physical and mental injuries sustained in a work-related accident on February 11, 1999. Delphi Packard argues that Brown failed to sufficiently show that: (1) his work injury caused a disabling back injury or a mental injury, and (2) he failed to prove a loss of wage-earning capacity. Finding that substantial evidence does exist to support the Commission’s decision, we affirm the judgment of the Circuit Court of Hinds County and the decision of the Commission.
FACTS
¶ 2. Brown petitioned the Commission for benefits based on injuries he sustained while employed as a machine operator at his workplace, Delphi Packard, on February 11, 1999. Brown alleged that he injured his neck, back, shoulders, and right hand when he fell on a wet floor while lifting overhead. Later, Brown amended his petition to include a claim for work-related mental injuries.
¶ 3. Delphi Packard admitted compensa-bility. However, a dispute arose over the extent of the resulting disability and the responsibility for certain medical care. Delphi Packard also denied that Brown suffered any permanent disability or loss *1093 of wage-earning capacity as a result of the work-related accident.
¶ 4. After a hearing, the administrative law judge (“ALJ”) found that Brown suffered a five percent permanent partial medical impairment to his body as a whole as a result of the cervical injury. The ALJ rejected the claim of permanent medical impairment as a result of the lumbar injury. Brown was awarded temporary total disability benefits from September 1, 1999, through the date of maximum medical improvement, May 2, 2000, as well as reasonable and necessary medical services relating to the treatment of Brown’s cervical and lumbar injuries. However, Brown’s claim for permanent benefits was denied due to his failure to prove a loss of wage-earning capacity by making reasonable post-injury efforts to find gainful employment following his release back to work. The ALJ denied Brown’s claim for mental injuries, finding that he failed to prove by a fair preponderance of credible evidence that he suffered such an injury as a result of his employment with Delphi Packard.
¶ 5. Brown appealed the ALJ’s decision to the Commission. He asked the Commission to find that he was entitled to compensation and benefits arising from his cervical, lumbar, and psychiatric injuries. The Commission agreed with Brown and reversed the ALJ’s finding on permanent disability benefits. The Commission found that Brown was permanently and totally disabled. Further, the Commission found that Brown sustained psychological or mental injuries flowing from his physical injuries and ordered the employer to provide medical services and supplies related to the treatment of such injuries.
¶ 6. Delphi Packard appealed the Commission’s decision to the Circuit Court of Hinds County. The circuit court found that substantial evidence supported the Commission’s decision and affirmed. Delphi Packard’s appeal was deflected to this Court, where Delphi Packard argues that the Commission erred in finding that Brown: (1) sustained a mental injury as a result of his February 11, 1999, work injury and (2) sufficiently proved a loss of wage-earning capacity necessary for an award of permanent, total disability benefits.
STANDARD OF REVIEW
¶ 7. This Court’s scope of review in workers’ compensation cases is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999). The Commission sits as the ultimate finder of fact; its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission’s rulings when its findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 (Miss.1997); Westmoreland, 752 So.2d at 448(¶ 8).
¶ 8. “[A] finding is clearly erroneous when ... the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.” J.R. Logging v. Halford, 765 So.2d 580, 583(¶ 13) (Miss.Ct.App.2000) (citation omitted).
ANALYSIS

1. Whether substantial evidence supports the Commission’s determination that Brown sustained a mental injury as a result of his February 11, 1999, workplace injury.

¶ 9. The ALJ denied Brown’s claim for mental injuries, finding that Brown *1094 failed to prove that he suffered mental or psychological injuries as a result of his employment with Delphi Packard. The ALJ found that Brown’s psychological treatment was not reasonably and necessarily related to his work injury. However, the Commission reversed this decision. The Commission found that Brown’s mental injuries flowed from the existence of his physical injuries and awarded Brown benefits based on this finding.
¶ 10. When a claimant seeks compensation benefits for mental injuries, the claimant must prove a causal connection between the employment and the injury by clear and convincing evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988). “Furthermore, to be compensable, a mental injury, unaccompanied by physical trauma, must have been caused by something more than the ordinary incidents of employment.” Id.
¶ 11. The Commission, as the fact-finder, considered this case with great care and provided a well-reasoned opinion awarding benefits to Brown. That opinion reviewed all of the evidence, including medical testimony, and provided a rational basis for resolving questions of credibility and conflicting positions. As such, it is appropriate that this Court defer to the Commission’s findings.
¶ 12. The Commission noted that Brown’s injury was initially treated by Dr. Irvin Cronin, who is the physician Delphi Packard sent Brown to see. Brown continued to work, but he would on occasion miss work due to this injury. While being treated by Dr. Cronin, Brown complained of worsening pain in the area of the injury. In September 1999, Brown started treatment with Dr. Kenneth Vogel, a neurosurgeon in New Orleans. Dr. Vogel’s records note consistent complaints of pain by Brown in the area of the injury. Dr. Vogel first treated Brown in 1983 for a prior work-related injury. Dr. Vogel also treated Brown for subsequent work-related injuries; thus, he had a fairly significant treatment history with Brown.
¶ 13. Based upon his treatment of Brown, Dr. Vogel determined that “[t]he patient will have incurred a five percent increase of medical impairment of the body as a whole with further restrictions in that he has been advised to avoid those activities which require him to lift, push or pull greater than 35 pounds or bend, repeatedly flex or hyper-extend the neck on a permanent basis in the future relative to his cervical region.”
¶ 14. Dr. Vogel referred Brown to Dr. Faeza Jones, a psychiatrist, for treatment of depression secondary to chronic pain. Dr. Jones treated Brown for major depression secondary to chronic pain. Dr. Jones noted evidence of depression with psychotic behavior, evidenced by crying episodes, decreased appetite, sleeping disorders, and suicidal ideations — later to include homicidal ideations as well. Dr. Jones, as a result, opined that Brown presented evidence of depression with psychotic behavior related to work issues. According to Dr. Jones, Brown reached maximum medical improvement, from a psychiatric basis, on December 5, 2002, but Brown required continuing psychotherapy for major depressive disorder, secondary to chronic pain syndrome. Dr. Jones stated that Brown’s depression, which was attributed to his chronic pain, rendered him permanently, totally disabled.
¶ 15. Brown was seen solely for an evaluation by Dr. Robert Smith, but was not treated. Dr. Smith died prior to the hearing, and the Commission found that his medical records were too vague to be of any assistance. The Commission noted that the only other medical evidence was that from Drs. Robert McGuire and Mark *1095 Webb, each of whom saw Brown only once for an employer’s evaluation and did not treat him.
¶ 16. After an evaluation of all of the evidence, the Commission found Brown’s injury compensable, stating:
It is important to the Commission that this employee had worked for Delphi Packard for so many years, had been injured so many times, had returned to work after each of these injuries except the one in 1999 (and he actually may have tried to return in 1999), was treated by his long-term physician who had performed cervical surgeries, and was referred for treatment for depression, secondary to chronic pain by this physician who had a long-standing relationship with the claimant.
Moreover, it is important to us that the claimant had no history or other mental abnormality which required treatment prior to the 1999 injury and that the medical records of Dr. Vogel reflect regular, consistent complaints of pain which would be categorized as ‘chronic’ by medical definition. Thus contrary to the Administrative Judge’s conclusion, it appears to us that the psychological or mental injury flowed from the physical injuries, and we believe that this conclusion is supported by the weight of evidence in this cause. Indeed, we give greater credence in this case to the testimony of the claimant’s treating physicians rather than succumb to the opinions of Doctors Smith, McGuire and Webb, however reliable they may be. Their limited experience with and knowledge of the claimant, when compared with the claimant’s relationship with Doctors Vogel and Jones, suggest that it would be reasonable to accept the opinions of the latter as more reliable in this case.
¶ 17. The treating physicians’ medical records indicated no intervening injury that could be the source of Brown’s pain. The Commission found that there was no credible suggestion of any source of Brown’s chronic pain other than the work-related injury. Thus, the Commission found that the mental injury “flowed from the physical injuries.”
¶ 18. Because there is substantial evidence in the record to support the Commission’s decision, we affirm.
¾. Whether the Commission erred in finding that Brown sustained a loss of wage-earning capacity.
¶ 19. Delphi Packard argues that in the absence of evidence of reasonable efforts by an individual to obtain other employment, the law precludes a finding of permanent, total disability. Delphi Packard alleges that there was a lack of evidence to show that Brown made a reasonable job search; therefore, the Commission’s decision awarding him permanent, total disability benefits was error. Brown responds that the Commission was correct in finding that the absence of completing a formal job search did not preclude a finding of permanent disability.
¶ 20. In the workers’ compensation context, “disability” is defined as the “incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings.” Miss.Code Ann. § 71-3-3© (Rev.2000). The supreme court set forth the following rule regarding the burdens of proof required in a claim for disability:
The claimant has the burden of proof to make out a prima facie case for disability, after which the burden of proof shifts to the employer to rebut or refute the claimant’s evidence. After the burden *1096 shifts, evidence indicating that suitable employment was available to claimant becomes relevant and admissible. In such a posture, the employer may present evidence (if any) showing that the claimant’s efforts to obtain other employment were a mere sham, or less than reasonable, or without proper diligence.
Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978). This rule has been interpreted to require that a claimant “unequivocally prove a reasonable effort to find other employment.” Sardis Luggage Co. v. Wilson, 374 So.2d 826, 829 (Miss.1979). “The injured claimant, in order to demonstrate total disability must show that he has made a diligent effort, but without success, to obtain other gainful employment. A finding that the claimant has not pursued alternate forms of work with sufficient diligence is grounds to deny a claim of total disability.” McCray v. Key Constrs., Inc., 803 So.2d 1199, 1203(¶ 17) (Miss.Ct.App.2000) (citing Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1249 (Miss.1991)).
¶ 21. However, as with most rules, there are also exceptions. An exception to the requirement that a claimant demonstrate reasonable efforts to find alternative employment is when his doctor declares him totally disabled and lacking in the capacity to perform meaningful employment. As the Commission noted, that is the circumstance in which Brown found himself. On December 5, 2002, Dr. Jones, without equivocation, stated, “Mr. Earnil Brown is being treated for Major Depressive disorder, Secondary to Chronic Pain Syndrome. He remains on medication and is receiving psychotherapy. He is totally disabled (100%) to perform any type of work. He will not be able to return to work or other normal activity. He has reached his maximum recovery potential. Mr. Brown has poor memory.” (emphasis added). Where a claimant’s doctor has declared him totally disabled, this Court does not require that he act contrary to the advice of his doctor and seek employment as a condition of receiving permanent, total disability. Stewart v. Singing River Hosp. Sys., 928 So.2d 176, 185(¶ 46) (Miss.Ct.App.2005).
¶ 22. We find that Brown, by medical evidence, met his burden of proving a loss of wage-earning capacity. Thus, the Commission’s decision was supported by substantial evidence and was not in error.
¶ 23. The judgment of the Circuit Court of Hinds County and the decision of the Mississippi Workers’ Compensation Commission are affirmed.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING AND CHANDLER, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY ISHEE, ROBERTS AND CARLTON, JJ. BARNES, J., NOT PARTICIPATING.