LEE, C.J.,
for the Court:
¶ 1. Sandra F. Hanson appeals the judgment of the Mississippi Workers’ Compensation Commission (the Commission) finding that she is not entitled to an award of permanent partial disability and denying certain medical testing. Finding no error, we affirm.
. PROCEDURAL HISTORY
¶ 2. Hanson filed a petition to controvert alleging that she had received a com-pensable injury to her neck and back while working for Dollar General. Dollar General filed its answer, admitting that the injury occurred, but denying that Hanson was temporarily or permanently disabled as a result. After a hearing on the merits, an administrative judge (AJ) determined that Hanson was not entitled to disability benefits. Hanson filed a petition for review with the Commission.
¶ 3. After oral argument, the Commission ordered an independent medical examination (IME) by Dr. Orhan Ilercil. Dr. Ilercil stated in his IME report that the numbness in Hanson’s extremities was not causally related to her work injury and that an electromyogram (EMG) and nerve conduction study (NCS) were not warranted. After reviewing the IME, the Commission, entered its order affirming the AJ’s decision.
¶ 4. Hanson appeals the decision of the Commission and asserts the following: (1) the findings of the Commission are not supported by substantial evidence, and (2) she is entitled to payment for certain medical testing, including an EMG and NCS.
FACTS
¶ 5. On October 16, 2010, Hanson suffered an admittedly compensable injury to her neck and back as a result of a fall at Dollar General. She continued working for Dollar General at her regular duties until May 10, 2011. She was a part-time employee, whose hours were substantially reduced over time. Her weekly wage was $150.89. Hanson asked for more hours, but her request was denied. In May 2011, Hanson was taken off the schedule. Hanson testified that she assumed she had been fired, so she never returned to work, nor contacted Dollar General’s district manager. After leaving Dollar General, she applied for two jobs, but did not obtain employment. Hanson has experience in retail and sales. She has worked as a caregiver, secretary, waitress, and custodi *148 an. She was also a self-employed decorator.
¶ 6. Two days after the fall, Hanson’s employer arranged a visit to the emergency room. She was referred to Dr. Kathleen A. Messenger for follow-up. Dr. Messenger examined Hanson on March 2 and April 11 of 2011. She diagnosed Hanson with myalgia, musculoskeletal pain, and degenerative-disc disease. Dr. Messenger reported that Hanson’s neurological exam was normal and that her complaints were subjective. Dr. Messenger noted that Hanson had continued to work at full capacity and that she was able to maintain her employment responsibilities. Dr. Messenger ordered an EMG and NCS to test for possible nerve damage, but workers’ compensation refused to pay. She also noted that because Hanson’s complaints began after the fall, it was presumed that Hanson’s myalgia and pain were a result of her fall.
¶ 7. Seeking additional medical treatment, Hanson contacted workers’ compensation liaison Becky Robinson, who set her up with a workers’ compensation doctor, Dr. David C. Collipp. She complained of neck and back pain and tingling in her extremities. Dr. Collipp examined Hanson on May 18, 2011, noting that she had already been released to regular duty and concluding that it was unlikely that the tingling in her hands was related to the fall. After eight physical-therapy sessions, Hanson was again examined by Dr. Col-lipp, who noted improvement with regard to the neck and back pain. He placed her at maximum medical improvement (MMI) for her work injuries on June 30, 2011, with no restrictions for any of her complaints and assigned her a two percent body-as-a-whole permanent partial impairment rating. He noted again that the tingling sensation was not a result of her neck and back pain and that he intended to follow up with an EMG.
¶ 8. On September 22, 2011, Hanson’s family physician, Dr. Wayne Hughes, examined Hanson. He diagnosed Hanson with unspecified peripheral vascular disease, unspecified hypothyroidism, and unspecified hyperlipidemia. He ordered an ankle-brachial index (ABI) for the tingling in her legs. Hanson’s son paid for the test. Hanson testified that she was aware that the symptoms she complained of were symptoms caused by peripheral vascular disease. Hanson never underwent a functional-capacity evaluation (FCE).
STANDARD OF REVIEW
¶ 9. The standard of review in a workers’ compensation case is well settled. If the findings of the Commission are supported by substantial evidence, then they are binding on this Court. Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). “The [Commission] sits as the ‘ultimate finder of facts’ in deciding compensation cases, and therefore, ‘its findings are subject to normal, deferential standards upon review.’” Pilate v. Int’l Plastics Corp., 727 So.2d 771, 774 (¶ 12) (Miss.Ct.App.1999) (quotations omitted). “We are bound even though the ‘evidence would convince the [C]ourt otherwise if it were instead the ultimate fact[-]finder.’ We will overturn [the] Commission’s decision only when there is an error of law or an unsupportable finding of fact.” Montana’s Sea Kettle Rest. v. Jones, 766 So'.2d 100, 102 (117) (Miss.Ct. App.2000) (quotation omitted).
DISCUSSION
¶ 10. Hanson contends the Commission’s denial of permanent partial disability is not supported by the evidence. In order to receive permanent partial disability, a claimant must prove (1) a medical impairment, and (2) “the medical impair *149 ment resulted in a loss of wage-earning capacity.” Robinson v. Packard Elec. Div., Gen. Motors Corp., 523 So.2d 329, 331 (Miss.1988) (citations omitted). “[Wjhere an injured employee returns to work and receives the same or greater earnings as those prior to his injury, there is created a rebuttable presumption that he has suffered no loss in his wage-earning capacity.” Agee v. Bay Springs Forest Prods., Inc., 419 So.2d 188,189 (Miss.1982) (citations omitted). Once the disability subsides, a claimant must make reasonable efforts to obtain employment. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 640 — 41 (Miss.1978). Otherwise, permanent partial disability will be denied. Id. The claimant bears the burden of proving that her efforts were reasonable. Id. at 641.
¶ 11. The Commission first reserved judgment on the issue of permanent partial disability pending an IME. Based on the conclusions of Dr. Ilercil, the Commission found that Hanson’s ongoing symptoms of tingling in her arms and legs were not causally related to her work injury and affirmed the AJ’s denial of permanent partial disability. Regarding her admittedly compensable work injury, the AJ found that Hanson failed to prove a loss of wage-earning capacity following the date of MMI. Although she was assigned a two percent body-as-a-whole permanent partial impairment rating, she was not assigned any permanent restrictions. Hanson continued working for seven months at her regular duties. She was dissatisfied with the number of hours she was working and asked for more. When she stopped reporting to work at Dollar General, Hanson made two attempts to obtain employment. The AJ found Hanson’s search for employment unreasonable and concluded that she had not met the burden of proving a loss of wage-earning capacity resulting from her work injury. Therefore, we affirm the Commission’s decision.
¶ 12. Hanson also argues that she is entitled to an EMG, NCS, ABI, and FCE at the employer’s expense. Having found that the tingling in Hanson’s arms and legs was a result of peripheral artery disease and not her work injury, the Commission properly denied Hanson’s request for an EMG, NCS, and ABI. These tests were ordered to help in the diagnosis and treatment of Hanson’s peripheral artery disease, not her work injury. An FCE was never ordered by any of her physicians. Hanson continued to work at full capacity. Her doctors released her to regular duty and never placed any restrictions on her activity. Furthermore, the Commission affirmed the AJ’s denial of permanent partial disability. Therefore, we affirm the Commission’s decision.
¶ 13. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING and GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.