PATTERSON, Justice.
This is an appeal from the Circuit Court ■of the First Judicial District of Hinds County, which affirmed an order of the Workmen’s Compensation Commission, which found a 10% permanent partial physical disability to the claimant attributable to an industrial accident of June 1, 1962. The Commission established the time of maximum medical recovery as April 7, 1963, and found a loss in wage-earning capacity of $6.46 per week. This order reversed the finding of the attorney-referee who found the loss of wage-earning capacity to be $15 per week.
From this award the claimant appeals, assigning as error the following:
(1) The Commission and Circuit Court erred in reducing compensation benefits awarded to the claimant by the attorney-referee.
(2) The award made by the Commission, and affirmed by the Circuit Court, is contrary to law and the overwhelming weight of the evidence and is not supported by substantial evidence.
The defendants cross-appeal and assign as error the following:
(1) The Commission and court below erred as a matter of law in making an award to the claimant for permanent partial benefits based solely on a medical or functional impairment inasmuch as the Commission and court below found as a matter of fact that claimant’s post-injury earning capacity is actually in excess of his average weekly wage at the time of the injury, and that claimant wholly failed to rebut the presumption that his post-injury earnings constitute his actual earning capacity, and
(2) That the Commission and court below erred in failing to terminate claimant’s temporary total benefits in February 1963, at which time claimant was dismissed to resume work and actually resumed work, and both the Commission and court below erred in failing to give the employer and carrier credit for the amount of temporary total benefits paid thereafter on any permanent partial benefits due the claimant.
Claimant sustained an alleged injury to his low back on June 1, 1962, while employed as a mechanic and truck driver for Ballard Construction Company. The injury, which was thought to be a ruptured disc, required surgery, which disclosed the impairment to be adhesions rather than a ruptured disc. Claimant was paid temporary total compensation benefits from the date of the accident through April 7, 1963, and additionally, all medical expenses were defrayed.
The Commission found:
It appears that claimant’s post-injury earnings as a truck driver and a bulldozer operator for W & S Construction Company have greatly exceeded the average weekly wage earned by claimant at the time he sustained his accidental injury *310 while employed by D. D. Ballard Construction Company. Claimant wholly failed to rebut the presumption that claimant’s post-injury earnings constitute his actual earning capacity. It appears from the record as a whole that claimant’s post-injury earning capacity is actually in excess of his average weekly wage at the time of injury, but it does appear from the record that claimant has sustained a permanent partial disability based on functional impairment of not more than ten per cent (10%) to the body as a whole.
The Commission is cognizant of the fact that medical disability and wage earning capacity are two different things, that a man may have a medical disability of twenty per cent (20%) and wage earning loss of say fifty percent (50%), but in this case it appears that the actual wage loss of this claimant is nil; in fact, from the record it would appear he has earned more weekly wages than he did prior to the injury, notwithstanding the fact that he does have a medical disability or functional disability of ten per cent (10%).
From the testimony and evidence offered in this cause, the Commission finds and adjudicates the following facts, to-wit:
That the claimant attained maximum medical recovery on April 7, 1963, from the accidental injury suffered by him on June 1, 1962;
That on June 1, 1962, claimant had an average weekly wage of $64.66;
That as a consequence of the aforesaid accidental injury, the claimant was permanently partially disabled in the amount of ten per cent (10%) to the body as a whole;
That as a consequence of the aforesaid permanent partial disability to the body as a whole attributable to the accidental injury of June 1, Í962, claimant has suffered a loss in wage earning capacity in the amount of Six and 46/100 Dollars ($6.46) per week;
That claimant’s permanent partial compensation rate amounts to Four and 31/100 Dollars ($4.31) per week, which is two-thirds (2/3) of the difference between his average weekly wage earning capacity after having reached maximum medical recovery.
There is substantial evidence to support the finding of the Commission. The specific finding of 10% medical or functional disability is supported by substantial evidence. It will not, therefore, be reversed by this Court. The principle that the Commission is the finder of fact and will not be reversed if the finding is supported by substantial evidence is so well established in our jurisprudence that citation of authority is not needed.
The employer and carrier concede the correctness of the Commission’s finding that the claimant has a 10% medical or functional impairment.
The primary question to be determined, in view of the Commission’s finding that there was no loss in wage-earning capacity, is whether it erred in awarding' benefits to the claimant on the sole basis of a 10% functional impairment. Mississippi Code Annotated section 6998-09(21) (1952) provides the method to be used in ascertaining compensation for disability as follows:
(C)ompensation for disability shall be paid to the employee as follows: * * *
In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum (662/3%) of the difference between his average weekly wages * * * and his wage-earning capacity thereafter in the same employment or otherwise * * *
This statute has been construed by this. Court to mean that post-injury earnings equal to or in excess of pre-injury earnings are strong evidence of non-impairment of earning capacity, but that the presumption, arising therefrom may be rebutted by evidence on the part of the claimant that the- *311 post-injury earnings are unreliable due to: increase in general wage levels since the time of accident, claimant’s own greater maturity and training, longer hours worked by claimant after the accident, payment of wages disproportionate to capacity out of sympathy to claimant, and the temporary and unpredictable character of post-injury earnings. O’Neil, Inc. v. Livings, 232 Miss. 118, 98 So.2d 148, 149 (1957); Russell v. Southeastern Utilities Service Co., 230 Miss. 272, 92 So.2d 544, 877 (1957); and Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789 (1953). See also Dunn, Mississippi Workmen’s Compensation § 34 at 20 (Supp.1965) and 2 Larson, Workmen’s Compensation Law § 57.21 (1952). The claimant offered no proof in rebuttal as to the unreliability of his post-injury earnings as a basis for computing and establishing his post-injury earning capacity. This being so, we are of the opinion that the Commission erred in awarding benefits on the sole basis of a 10% functional impairment without regard to post-injury earnings.
 The defendants next urge that the Commission erred in holding that temporary total benefits were payable through April 1963, and in not terminating these benefits when claimant resumed work in February 1963. The claimant’s testimony indicates, as does that of his employer Dearman, that he was gainfully employed in the latter’s service station for some three weeks in the early part of 1963. There is a lack of specificity as to the dates of this employment, but considering the record in its entirety, we find no evidence to support the finding of the attorney-referee or the Commission in terminating the temporary total benefits on April 7, 1963. On the other hand, the most positive testimony is that of Dearman, who testified in response to this question, “Well, he would have been working there then about the first two weeks in March and the last week of February, wouldn’t he ?”, “That’s right.” We are of the opinion that claimant was permanently employed beginning with the last week in February and that his temporary total benefits should cease on that date, and the employer and carrier should have credit for this overpayment on any exposure that they now have with reference to claimant’s permanent partial disability.
Affirmed on direct appeal; reversed on cross-appeal; and judgment here for cross-appellant.
ETHRIDGE, C. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.