419 So.2d 188 (1982)
Willie AGEE
v.
BAY SPRINGS FOREST PRODUCTS, INC. and United States Fidelity & Guaranty Company.
No. 53751.
Supreme Court of Mississippi.
September 1, 1982.
*189 Tullos, Tullos & Tullos, Eugene C. Tullos, Raleigh, for appellant.
Gibbes, Graves, Mullins, Bullock & Ferris, Brooke Ferris, Laurel, for appellee.
Before SUGG, P.J., and HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
Willie Agee has appealed from a denial of permanent partial disability benefits under the Mississippi Workmen's Compensation Act. We affirm.
Mr. Agee, a man of limited education, was employed as a truck driver when he sustained a low back injury because of some heavy lifting. Following conservative medical therapy, an orthopedic surgeon performed a lumbar laminectomy at the L-5 level. Approximately four months later the doctor advised Mr. Agee to return to full-time work, but to protect his back and avoid heavy lifting. The doctor gave him a 5-10% permanent partial disability rating to the body as a whole.
Upon his return to work, his employer assigned him to operate a fork lift at the same wage as before his injury. Thereafter he received two successive wage increases.
This case is on appeal to us from an order of the full commission, affirmed by the circuit judge, denying Mr. Agee permanent partial disability benefits under the Workmen's Compensation Act.

LAW
Ordinarily, it should require no argument to persuade any fact-finding body that Mr. Agee, who had undergone surgery, and whose back manifestly is not, and never will be, as strong as it was prior to injury, has suffered at least some loss in wage-earning capacity in his only means of livelihood: low-skilled manual, or semi-manual, labor.
We have a well-settled rule of law, however, that in determining wage-earning capacity in the situation where an injured employee returns to work and receives the same or greater earnings as those prior to his injury, there is created a rebuttable presumption that he has suffered no loss in his wage-earning capacity. See, e.g., Smith v. Picker Service Co., 240 So.2d 454 (Miss. 1970); Wilcher v. D.D. Ballard Construction Co., 187 So.2d 308 (Miss. 1966); Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789 (1953); Dunn, Mississippi Workmen's Compensation § 67 (2d Ed. 1967).
An attorney faced with this fact in preparing his case has every opportunity to rebut the presumption by showing a number of surrounding facts and circumstances that the worker's post-injury wages alone are not necessarily decisive. Absent such showing the presumption stands. The record reveals no evidence offered to rebut the presumption created by the employer-carrier.
In this posture neither the commission nor the circuit court judge had any alternative but to deny permanent partial disability benefits.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and PRATHER, JJ., concur.