786 So.2d 1064 (2000)
Kenneth BROCK, Appellant,
v.
HANKINS LUMBER COMPANY and Liberty Mutual Insurance Company, Appellee.
No. 1999-WC-01594-COA.
Court of Appeals of Mississippi.
December 12, 2000.
Certiorari Denied June 14, 2001.
*1065 Ellis Turnage, Cleveland, Attorney for Appellant.
R. Brittain Virden, Greenville, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. The employer and insurer appealed an order of the Workers' Compensation Commission that awarded medical benefits to the claimant. The circuit court reversed the decision after finding that the claim was barred by the two year statute of limitations. The claimant appealed here, arguing that the circuit court applied the incorrect legal standard to the issue of whether or not the employer should be estopped from claiming the two year statute of limitations. We agree, reverse, and reinstate the Commission's award of benefits.

STATEMENT OF FACTS
¶ 2. On May 4, 1993, Kenneth Brock was involved in an accident while employed at Hankins Lumber Company in Elliot, Mississippi. The report of the emergency medical technician dispatched to the scene stated that Brock was unconscious and unresponsive. The parties dispute the details of the accident. Brock claims that the injury resulted from his tripping over an unidentified object on the floor while carrying a saw blade. He alleges that he fell into the saw blade, then hit the floor *1066 and became unconscious. Conversely, Hankins alleges that Brock passed out in the lumber yard before reporting to work.
¶ 3. Brock was hospitalized at Grenada Lake Medical Center for three days following the accident. During his stay he was given a CAT scan, a chest x-ray, an EKG and drug and alcohol screening. The results of all tests were considered normal except for the EKG. Brock was diagnosed by the treating physician as having pleuroderma, which is pain in the chest cavity.
¶ 4. Brock testified that upon his return to work on May 10, 1993, Doug Boykin, who handled workers' compensation claims for Hankins, told him that the company would take care of the bill from Grenada Lake Medical Center. That is vigorously disputed. Brock ended his employment at Hankins on August 12, 1993. He subsequently moved to Dallas, Texas and remained there until his return to Grenada on February 13, 1994. The bill remained unpaid.
¶ 5. According to Brock, the first that he learned that the bill from the emergency room had not been paid was on February 12, 1994, when he received a call from his mother telling him that she had received the bill at her house. Brock alleges that he then telephoned the hospital that same day and spoke with Dot Hall, an employee in charge of collections at Grenada Lake Medical Center. Brock claims that after speaking with Mrs. Hall he then telephoned Doug Boykin and was assured by Boykin that the bill would be paid. Brock further alleges that he telephoned Boykin again about a week later and was reassured about the bill.
¶ 6. Hankins disputes Brock's allegations. Dot Hall in her deposition stated that claimant had been mailed at least three letters stating that the bill was due and not covered by Hankins's workers' compensation carrier. Mrs. Hall's statements are supported by the collection notes of Grenada Lake Medical Center which show that Brock's mother was contacted about the bill on May 24, 1993, and that Brock himself was informed around August 20, 1993.
¶ 7. Brock alleges that he did not realize the bill remained unpaid until April 1997 when he received a letter from Lake City Collections stating that the account was delinquent and that it had been turned over to Collections. The records show that Brock hired an attorney on February 13, 1997 and subsequently filed his petition to controvert on February 28, 1997, alleging a work related injury arising out of the accident at Hankins. Hankins pled the affirmative defense that the claim was barred under the two year statute of limitations. Miss.Code. Ann § 71-3-35 (Rev. 2000).
¶ 8. At an initial motion hearing, the administrative judge held that Hankins was estopped from asserting the statute of limitations because the employer had made repeated misrepresentations regarding the company's assuming responsibility for the bill. At a later hearing on the merits the administrative judge held that Brock suffered a work related injury on May 4, 1993. The estoppel issue was not reconsidered even though a different judge conducted the second hearing.
¶ 9. After the Commission affirmed, Hankins appealed and convinced the circuit court to reverse based on the two year statute of limitations. Brock now appeals here.

DISCUSSION

I. Statute of Limitations
¶ 10. The relevant statute of limitations is this:

*1067 Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation shall be barred.
Miss.Code Ann. § 71-3-35 (Rev.1995). The Supreme Court has identified two exceptions. These are the "latent injury" exception and estoppel. There is no doubt that much more than two years had passed from the date of injury prior to a claim being filed. Estoppel is the argued exception.
¶ 11. Equitable estoppel requires that one party by its conduct, words, or even silence, make a representation or concealment of material facts. That representation must be with actual or imputed knowledge of the facts and with the intent that the other party rely on the representation because of the party's ignorance of the truth. Finally, damage must proximately result. It is the claimant's burden to prove these elements by a preponderance of the evidence. McCrary v. City of Biloxi, 757 So.2d 978, 981 (Miss. 2000).
¶ 12. The administrative law judge at the hearing on the motion to dismiss held that Hankins was estopped from asserting the two year statute of limitations. This was based on a factual determination that Hankins did make the alleged affirmative misrepresentations to Brock that reasonably caused Brock not to file a claim. The evidence was in conflict. Brock alleged that Boykin had assured him that the claim would be made, while the employer denied that had occurred. Boykin, who is no longer a Hankins employee, could not in his deposition specifically recall the events. A supplemental affidavit was offered at the hearing on the merits of the case before the second administrative judge, but she ruled that she would not reconsider the previous judge's decision. That affidavit stated that Boykin did not recall talking to Brock, but that his normal practice would not have been to make the assurances that Brock said were made in this case. There was also circumstantial evidence that despite Brock's protestations of complete ignorance, that he had been contacted by the medical center about the bill.
¶ 13. Not only did the administrative judge find that the misrepresentations were made, but she also found that the employer intended for Brock to rely on these misrepresentations and that he reasonably did so to his detriment. These findings were later affirmed by the Commission. Strictly as a matter of factual findings, we find no reversible error unless the incorrect legal standard was applied. There was evidence upon which the Commission could have relied to reach either urged conclusion, namely, either that Boykin did or did not make the statements. The circuit judge reversed because he found that it was necessary for any misrepresentations made to amount to actionable fraud, and that fraud must be proven by clear and convincing evidence. We examine the precedents to determine the proper rule.
¶ 14. In one recent workers' compensation appeal the Supreme Court quoted as authority a non-workers' compensation precedent that inequitable or fraudulent conduct is required before a party will be estopped from asserting a statute of limitations defense. McCrary v. City of Biloxi, 757 So.2d at 981, quoting Carr v. Town of Shubuta, 733 So.2d 261, 265 (Miss.1999). We note the reference to fraud, but also not to be overlooked is that the court said that "inequitable conduct" would suffice. Another *1068 precedent also refers to "actionable fraud or misrepresentation" which are necessary to estop the employer from asserting the statute of limitations in a workers' compensation case. Casey v. Deeson Cash Grocery, 246 So.2d 534, 535 (Miss. 1971).
¶ 15. The administrative judge on contested evidence found an affirmative misrepresentation intended to mislead Brock into not filing for benefits. Under the case law, that is inequitable conduct and misrepresentation, regardless of whether it was actionable fraud. McCrary is the most recent estoppel case in the workers' compensation area to find estoppel, and it did not require either actionable fraud nor clear and convincing evidence.
¶ 16. For whatever reason, the Commission accepted the administrative judge's determination as to which witness to believe. Believed was the witness with a specific recollection. The additional affidavit evidence that the second administrative judge would not consider added little to the deposition already offered. We find no error in the fact-finding as to estoppel.

II. Work Related Injury
¶ 17. Even if the claim is not time-barred, Hankins argues that the alleged accident did not occur within the course and scope of employment. Brock argues that the issue is not properly before the court because Hankins failed to file a cross appeal from the circuit court's affirmance of the Commission decision that Brock suffered a work related injury.
¶ 18. In order for the appellee to gain reversal of any part of the decision of a lower tribunal about which the appellant brings no complaint, the appellee is required to file a cross appeal. Mississippi Rule of Appellate Procedure 4(c) provides:
If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.
¶ 19. The Commission found that Brock had suffered a work related injury. That conclusion was explicitly affirmed by the circuit court. Brock in his appeal to the court did not address that finding, as of course there was no reason for Brock to challenge a favorable decision. A cross-appeal is a request given to an appellate court to consider a separate basis for error by the trial court than those raised by the appellant. Were we to agree with Brock's assignment of error, and we have, in order to avoid the effect of that agreement Hankins would have needed to raise as a cross-appeal the other alleged error by the trial court. Hankins did not do so and the issue is not properly raised.
¶ 20. In quite summary fashion, though, we note that the evidence of the manner in which the injury occurred was as contested as were the facts of the estoppel. Nonetheless, Brock testified as to the work-relatedness of the injury. There was certainly evidence on which the Commission could rely to resolve this factual issue as it did.

III. Hearsay Evidence
¶ 21. In its brief Hankins also makes the cross-appeal argument that we should reverse the ruling originally made by the administrative judge and since affirmed that certain statements of co-workers contained in the emergency medical technician reports were hearsay. The medical report states that "co-workers said he grabbed his chest and his head, and passed out." First we do not find that the administrative judge excluded the statements but only quite accurately noted that *1069 they were hearsay. A variety of evidence not properly admissible in a court of law may be considered at an administrative hearing on a compensation claim. The employer refers us to the Commission's General Rule 9 that makes it clear that much of the medical proof at the hearings is to come from the medical records without the need for witnesses.
¶ 22. Despite the admissibility of hearsay evidence, we also note that substantial evidence necessary to support the Commission's decision cannot be solely from hearsay.
Application of the substantial evidence rule to the case on appeal would require reversal because uncorroborated hearsay is not substantial evidence, even though hearsay is admissible in an administrative proceeding.
Williams v. Mississippi Employment Sec. Commission, 395 So.2d 964, 966 (Miss. 1981).
¶ 23. We find no error in the administrative judge's decision not to give controlling weight to the emergency room medical technician's report that unnamed co-workers made statements about how the injury occurred. Considering the centrality of the issue of causation, the administrative judge may well have believed that witnesses with actual knowledge of what occurred should have been called or affidavits or other evidence obtained from them. Reference in a medical report to what unknown people with an unknown level of knowledge may have said did not have to be given appreciable weight by the administrative judge nor by the Commission in its review.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY IS REVERSED AND THE AWARD OF BENEFITS BY THE WORKERS' COMPENSATION COMMISSION IS REINSTATED. ALL COSTS ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.