LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On December 11, 2006, Patricia A. Herbert[1] injured her back while pulling a fire hose during training as a firefighter in Horn Lake, Mississippi. Herbert filed a petition to controvert with the Mississippi Workers’ Compensation Commission (the Commission) on June 2, 2008. The City of Horn Lake (the City) admitted compensa-bility and began paying Herbert temporary total disability payments. After a hearing, the administrative judge (AJ) determined that Herbert was not due additional temporary disability benefits. The *945 AJ further found Herbert failed to prove she suffered any permanent disability and/or any loss of wage-earning capacity. Herbert appealed to the Commission, which affirmed the decision of the AJ.
¶ 2. Herbert now appeals, asserting the Commission’s decision was not supported by substantial evidence.
FACTS
¶ 3. Herbert was initially hired by the City as an EMT but was transferred to the fire department in April 2006. Her job required her to wear heavy equipment and engage in frequent bending and lifting. Herbert injured her back while pulling a heavy fire hose. Herbert was diagnosed with a ruptured disc and eventually referred to Dr. Glenn Crosby, a neurosurgeon. Dr. Crosby first saw Herbert on, and diagnosed her with lumbar disc problems. On July 31, 2007, Dr. Crosby performed a spinal fusion on Herbert.
¶ 4. Herbert returned to Dr. Crosby for several post-operative visits. Since she was still experiencing pain, Herbert underwent a functional capacity exam (FCE) on April 28, 2008. Dr. Crosby noted the therapist conducting the FCE was unable to assess restrictions due to Herbert’s self-limiting behavior. Dr. Crosby determined Herbert had reached maximum medical improvement (MMI) as of May 12, 2008, and assessed a 25% impairment rating of her lumbar spine. Dr. Crosby released Herbert to return to work with a thirty-pound weight-lifting restriction.
¶ 5. Following her release by Dr. Crosby, Herbert was instructed to report to work at City Hall on May 27, 2008, where she acted as general receptionist on a full-time basis at the same salary as her firefighter position. Herbert reported to work that day, left at noon, returned to work for one hour, then left again. Herbert stated she was in pain and went to her doctor’s office. According to Herbert, the nurse practitioner told her not to return to work. Herbert never returned to work and was ultimately terminated from her position as receptionist.
¶ 6. Herbert testified she attempted to find employment at several places located by the vocational rehabilitation expert, but was ultimately unsuccessful. Herbert admittedly suffered a back injury as a result of a car accident approximately six months prior to her work-related injury. Herbert had also suffered an on-the-job injury to her back in the mid-1990s, which caused her to miss work for three months.
¶ 7. Due to her continuing pain, Herbert began to see Dr. Crosby again. Between June and November 2010, Herbert underwent several tests, both at the request of Dr. Crosby and another neurosurgeon who had assisted Dr. Crosby with Herbert’s surgery. In a deposition dated March 23, 2011, Dr. Crosby stated he had considered Herbert unable to work due to her complaints of back pain, but the tests conducted indicated Herbert’s spinal fusion was solid. Unable to help Herbert from a surgical standpoint, Dr. Crosby referred Herbert to a pain-management clinic.
STANDARD OF REVIEW
¶ 8. “This Court’s scope of review in workers’ compensation cases is limited to a determination of whether the decision of the Commission is supported by substantial evidence.” Whirlpool Corp. v. Wilson, 952 So.2d 267, 271 (¶ 15) (Miss.Ct. App.2006). “The Commission sits as the ultimate finder of fact; its findings are subject to normal[] deferential standards upon review.” Id. We will only reverse the Commission’s ruling when its “findings of fact are unsupported by substantial evidence ... or the decision was arbitrary and capricious.” Id. “Matters of law are *946 reviewed under the de novo standard of review.” Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448 (¶ 8) (Miss.Ct.App.1999).
DISCUSSION
¶ 9. In her only issue on appeal, Herbert contends the Commission’s decision was not supported by substantial evidence. Specifically, Herbert argues the evidence proved she suffered a loss of wage-earning capacity; thus, she was entitled to permanent partial disability benefits.
¶ 10. “In order to be deemed permanently totally disabled under [Mississippi Code Annotated s]ection 71-3-17(a) (Rev.2000), a claimant must show something more than an inability to return to the job existing at the time of injury.” Adolphe Lafont USA Inc. v. Ayers, 958 So.2d 833, 839 (¶ 18) (Miss.Ct.App.2007) (citing McCray v. Key Constructors, Inc., 803 So.2d 1199, 1203 (¶ 17) (Miss.Ct.App. 2000)). In order to determine that an employee is disabled, there must be “a finding that the claimant could not obtain work in similar or other jobs and that the claimant’s unemployability was due to the injury in question.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 (Miss.1991) (emphasis added). “To demonstrate total disability, the claimant must show that [s]he has made a diligent effort, but without success, to obtain other gainful employment.” Adolphe, 958 So.2d at 839 (¶ 18). “[0]nce the claimant has made a prima facie case of total disability, the burden shifts to the employer to show that the employee’s efforts were not reasonable or constituted a mere sham.” Id.
¶ 11. Herbert was offered a job by the City within her' lifting restrictions. According to Arianne Linville, the City’s human resources director, Herbert’s total salary was equal to her salary as a firefighter. Herbert reported to her job, but ultimately failed to return. The AJ determined the City did what was required of it. The AJ further noted Herbert did attempt to find employment at several places but was unsuccessful. The Commission agreed with the AJ’s findings, and we find this decision was supported by substantial evidence. This issue is without merit.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART.

. We note that Herbert’s last name is also spelled "Hebert” throughout the record and exhibits.