# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-01478-COA

**KENNETH NIXON**                                                      **APPELLANT**

**v.**

**HOWARD INDUSTRIES, INC.**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2017 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | FLOYD E. DOOLITTLE |
| ATTORNEY FOR APPELLEE: | RICHARD LEWIS YODER JR. |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND RENDERED: 06/19/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., FAIR AND GREENLEE, JJ.

### FAIR, J., FOR THE COURT:

¶1. Kenneth Nixon suffered a work-related injury within the course and scope of his employment with Howard Industries. Following a hearing, the administrative judge found Nixon had incurred a loss of wage-earning capacity and awarded him permanent partial-disability benefits. The administrative judge's findings and award were adopted by the Mississippi Workers' Compensation Commission. The sole issue on appeal is whether the Commission erred in its computation of Nixon's disability benefits. Because the Commission failed to use Nixon's stipulated pre-injury weekly wage in its calculation, we reverse and render.

### FACTS

¶2. On August 27, 2011, Nixon was working as an assembler at Howard Industries when he injured his back. At the hearing, both parties stipulated that Nixon's average weekly wage was $645.40—considerably more than what he would make in a 40-hour work week at his hourly rate of $12.26. The record indicates that the stipulated figure included regular overtime.

¶3. Nixon kept working at Howard Industries after the accident and was still working there at the time of the hearing. Since 2011, Nixon has received two increases in his hourly wage as a result of union negotiations—a total increase of $0.70 per hour since the accident, to $12.96 an hour.

¶4. Nixon testified that, since the injury, his work at Howard Industries has continued to cause pain in his back. He has received injections, prescription pain medication, and has had work done on the nerves in his back. Nixon has been treated by several doctors, but predominantly by Dr. Joe Leigh, an anesthesiologist and pain management specialist. Dr. Leigh placed Nixon under restrictions in 2012, limiting him to lifting 40 pounds occasionally. In 2016, Dr. Leigh reduced the limit to 20 pounds, and Nixon is now unable to do most of his former work.

¶5. In April 2016, Nixon met with Bruce Brawner, a vocational rehabilitation expert. Brawner testified that Nixon lost access to five of the six pre-injury occupations for which he was qualified, an 83% total loss of access. Brawner testified that Nixon suffered a 53% loss of access based on his current conditions. Brawner added that Nixon could compete in

the open labor market based on the light-duty levels he had been assigned. He opined that Nixon should be able to earn $8.96 per hour on the open labor market. Assuming a 40-hour work week, Nixon's weekly salary would be $358.40.

¶6. Following the hearing, the administrative judge found that Nixon had suffered a loss of wage-earning capacity. But instead of using Nixon's stipulated pre-injury weekly wage of $645.40 in calculating Nixon's benefits, the administrative judge used $490.40, which she arrived upon by assuming a 40-hour work week at his pre-injury hourly rate of $12.26. As a result, the administrative judge ordered Howard Industries to pay permanent partial-disability benefits in the amount of $88.27 per week, continuing for 450 weeks. Pursuant to the statute, that figure is two-thirds of the difference between $490.40 and $358.40.

¶7. Nixon appeals.

## STANDARD OF REVIEW

¶8. "The scope and standards of review for workers' compensation cases are well-established." *Short v. Wilson Meat House LLC*, 36 So. 3d 1247, 1250 (¶16) (Miss. 2010). As an appellate court, we review the decision of the Commission, not that of the administrative judge. *Id.*

¶9. "This Court's review is limited to determining whether the Commission's decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated . . . constitutional or statutory rights. . . . [T]he Commission is the ultimate fact-finder and judge of the credibility of witnesses; therefore,

3

we may not reweigh the evidence that was before the Commission." *Pulliam v. Miss. State Hudspeth Reg'l Ctr.*, 147 So. 3d 864, 868 (¶16) (Miss. Ct. App. 2014) (citations and internal quotation marks omitted). "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.'" *Short*, 36 So. 3d at 1251 (¶20) (quoting *Public Emps.' Ret. Sys. v. Dearman*, 846 So. 2d 1014, 1019 (¶14) (Miss. 2003)).

## DISCUSSION

¶10.    Nixon contends that the Commission erred in multiplying his pre-injury hourly wage of $12.26 times 40 hours ($490.40) to calculate his average weekly wage instead of his stipulated weekly wage of $645.40.  In support of his argument, Nixon cites Mississippi Code Annotated sections 71-3-31 (Rev. 2011) and 71-3-17(c)(25) (Rev. 2011).

### 1.    Weekly Wage Calculation

¶11.    Mississippi Code Annotated section 71-3-31 states that "the average weekly wages . . . [are] to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of injury divided by fifty-two (52)."  The Commission calculated Nixon's weekly wages from his hourly rate, assuming a 40-hour workweek. Nixon contends it should have used $645.40, the stipulation based on his pre-injury history of regular overtime.

¶12.    Since 1956, the Mississippi Supreme Court has held that the basis of computation

4

under section 71-3-31 shall be the difference of the claimant's average weekly wage before the injury and earning capacity post-injury. *See Webster Const. Co. v. Bates*, 227 Miss. 207, 216-17, 85 So. 2d 795, 798 (1956). The supreme court has emphasized that the calculation is based on "*actual* earnings before injury with earning capacity after injury." *Russell v. Se. Utils. Serv. Co.*, 230 Miss. 272, 281, 92 So. 2d 544, 547 (1957) (emphasis added). Accordingly, the Commission had no basis to reject Nixon's stipulated average weekly wage of $645.40.

## 2. Calculation of Payments

¶13. Next, Nixon contends that the Commission erred in its calculation of disability compensation payments. He claims that in order to calculate the compensation owed, the Commission must compare the average pre-injury weekly wage to the post-injury weekly wage under section 71-3-17(c)(25), which is based on what he could earn for 40 hours at the estimated post-injury hourly rate in an open market, awarding compensation in the amount of 66-2/3% of the difference.

¶14. Mississippi Code Annotated section 71-3-17(c)(25) (Rev. 2011) states that the compensation for permanent partial disability "shall be sixty-six and two-thirds percent . . . of the difference between his average weekly wages . . . and his wage-earning capacity thereafter . . . ." Here, the administrative judge modified the formula to calculate Nixon's permanent partial-disability benefits, awarding the difference between the pre-injury hourly wage of $12.26 and the post-injury hourly wage of $8.96—the amount Brawner, the

5

vocational rehabilitation expert, had said Nixon was capable of earning outside Howard Industries.

¶15. The Commission found Nixon's pre-injury wage-earning capacity to be his hourly rate of $12.26 times 40 ($490.40). Subtracting that from the post-injury capacity of $8.96 per hour times 40 ($358.40), the Commission arrived at $132.40. Further reducing that to the statutory two-thirds, the Commission arrived at a weekly compensation of $88.27.

¶16. As we have already held, the Commission should have used the stipulated pre-injury weekly wage as Nixon's average weekly wage, pursuant to section 71-3-31. It is therefore clear that the Commission erred in calculating Nixon's benefits. The Commission should have taken the difference between the stipulated pre-injury average weekly wage of $645.40 from a 40-hour work week at the post-injury earning capacity of $8.96 per hour. Subtracting the present wage-earning capacity ($358.40) from the pre-injury average weekly wage ($645.40) brings the total to $287. Reducing that to the statutory two-thirds, we arrive at $191.33 as the amount that should have been awarded by the Commission.

¶17. Because the Commission erred in its calculation of benefits, we reverse the Commission's decision and render judgment that Nixon is entitled to $191.33 per week for 450 weeks.

### 3. Cross-Appeal

¶18. Howard Industries contends that Nixon failed to show that he suffered permanent disability and a loss of wage earning capacity. But Howard Industries failed to file a cross-

6

appeal as required by Rules 3 and 4 of the Mississippi Rules of Appellate Procedure. We hold that this precludes review on appeal. *See* M.R.A.P. 4(c).

¶19. In the separate opinion's view, Howard Industries was not required to file a cross-appeal because "Nixon's notice of appeal challenged the entire Order and sought reversal of the Commission's ruling." Mississippi Rule of Appellate Procedure 3(c) requires that "[t]he notice of appeal . . . specify the party or parties taking the appeal and the party or parties against whom the appeal is taken, and shall designate as a whole or in part the judgment or order appealed from." M.R.A.P. 3(c). Nixon's notice of appeal stated that the Commission's findings and opinions were his grounds for appeal. In other words, the separate opinion contends that Nixon appealed the whole judgment. But it has failed to cite any authority supporting the proposition that appealing the entire order from a lower tribunal excuses the appellee from filing a cross-appeal.

¶20. The separate opinion attempts to distinguish this case from *Brock v. Hankins Lumber Company*, 786 So. 2d 1064 (Miss. Ct. App. 2000), but we find the cases to be quite similar. Brock appealed the entire circuit court order reversing the Commission's order. *Id*. at (¶1). Like Nixon, Brock did not challenge findings favorable to his position—namely, the Commission's finding that he had suffered a work-related injury (a finding that was also affirmed by the circuit court). *Id*. at 1068 (¶19). In its appellee's brief, the employer tried to argue that Brock had not suffered a work-related injury. *Id*. at (¶17). This Court declined to address the issue, holding that "[i]n order for the appellee to gain reversal of any part of

7

the decision of a lower tribunal about which the appellant brings no complaint, the appellee is required to file a cross appeal." *Id*. at (¶¶18-19).

¶21.    More recently in *Rasdon v. Thrash*, 225 So. 3d 557 (Miss. Ct. App. 2017), Rasdon filed a notice of appeal from the circuit court's entire order affirming the county court's grant of summary judgment. Part of that judgment included the denial of Thrash's attorney's fees and expenses. *Id*. at 561 (¶11). In his appellant's brief, Rasdon raised one issue—that it was "improper for the county court to rule summarily that [Thrash] did not breach the implied covenant of good faith and fair dealing." *Id*. at 559 (¶6). In his appellee's brief, Thrash claimed that he was entitled to attorney's fees. *Id*. at 561 (¶11). Although Rasdon had appealed the whole judgment, this Court declined to address Thrash's claim since he failed to file a cross-appeal. *Id*.

¶22.    As this Court did in *Brock* and *Rasdon*, we hold that Nixon's appeal of the entire Commission order does not relieve Howard Industries of its obligation to file a cross-appeal. Holding otherwise would set a dangerous precedent for future appeals to this Court. Obviously, Nixon was not appealing any part of the judgment that was in his favor, particularly the Commission's finding that he suffered a loss of wage earning capacity. For the reasons listed above, we find this issue is not properly before us and may not be considered.

¶23.    **REVERSED AND RENDERED.**

        **LEE, C.J., IRVING AND GRIFFIS,  P.JJ., BARNES, WILSON, GREENLEE, WESTBROOKS  AND  TINDELL,  JJ.,  CONCUR. CARLTON,  J.,  CONCURS  IN**

**PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶24. I concur in part because I, like the majority, would reverse the judgment of the Commission. I, however, would reverse the Commission's findings and render judgment in favor of Howard Industries because the record reflects that Nixon failed to show that he suffered a loss of wage-earning capacity and permanent disability. Precedent reflects that the degree of disability is determined by (1) actual physical injury; and (2) loss of wage earning capacity. *See Gen. Elec. Co. v. McKinnon*, 507 So. 2d 363, 365 (Miss. 1987); *Wilcher v. D. D. Ballard Const. Co.*, 187 So. 2d 308, 310-11 (Miss. 1966).

¶25. I submit that a review of the record reflects that the Commission and the AJ's determinations that Nixon overcame the presumption that he suffered no loss of wage-earning capacity were arbitrary and capricious, in that they were not supported by substantial evidence.[1] Nixon returned to work after his injury in a production job, in "Internal Assembly," and the record reflects that he was making more money post-injury in that assembly production job with the same employer, Howard Industries, than he earned pre-

---

[1] As the majority recognizes, "[t]his Court's review is limited to determining whether the Commission's decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated . . . constitutional or statutory rights . . . . [T]he Commission is the ultimate fact-finder and judge of the credibility of witnesses; therefore, we may not reweigh the evidence that was before the Commission." *Pulliam*, 147 So. 3d at 868 (¶16). "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious." *Short*, 36 So. 3d at 1251 (¶20) (internal quotation marks omitted).

9

injury. *See Weathersby v. Miss. Baptist Health Sys. Inc.*, 195 So. 3d 877, 883-85 (¶¶22-31) (Miss. Ct. App. 2016) (affirming Commission's finding that claimant failed to overcome presumption that claimant suffered no loss of wage earning capacity where claimant returned to work after injury with 100% impairment and continued to earn the same wages post injury); *Herbert v. City of Horn Lake*, 138 So. 3d 943, 946 (¶¶10-11) (Miss. Ct. App. 2013); *see also Agee v. Bay Springs Forest Prod., Inc*., 419 So. 2d 188, 189 (Miss. 1982) (discussing a back injury where worker moved from job with lifting to fork-lift operator at same wages as before his injury); *Smith v. Picker Serv. Co.*, 240 So. 2d 454, 456 (Miss. 1970) (discussing a back injury and post-injury increased wages where claimant failed to overcome presumption that he had not sustained impairment of earning capacity).

¶26.    The majority finds that we cannot reverse on this basis because Howard Industries did not file a cross-appeal on the issue of whether Nixon showed that he had suffered a loss of wage-earning capacity and permanent disability.  I disagree because the notice of appeal encompassed the basis upon which I would reverse this case.

¶27.    Generally, "[i]n order for the appellee to gain reversal of any part of the decision of a lower tribunal about which the appellant brings no complaint, the appellee is required to file a cross appeal." *Brock v. Hankins Lumber Co.*, 786 So. 2d 1064, 1068 (¶¶18-19) (Miss. Ct. App. 2000); *see Brown v. Yates*, 68 So. 3d 758, 762 (¶¶21-23) (Miss. Ct. App. 2011); *see also Dunn v. Dunn*, 853 So. 2d 1150, 1152 (¶¶3-8) (Miss. 2003).  However, as stated, in this case, no cross-appeal was required because Nixon's notice of appeal challenged the entire

Order and sought reversal of the Commission's ruling.

¶28. The record shows that Nixon "complained of" the entire Order in his notice of appeal. Nixon's notice of appeal was very broad, seeking reversal of the entire Order as "not supported by substantial evidence," "contrary to the law," and "arbitrary and capricious." Nixon did not attempt to limit the issues until he set out the statement of issues in his appellant's brief. Hence, at the time Howard Industries would have had to determine whether filing a cross-appeal was necessary, it had no notice from Nixon's notice of appeal that he was not pursuing all the issues raised by his notice of appeal but was instead only appealing the determination of the wage amount. Additionally, in this Court's review of the wage amount determination, we must necessarily review whether the record supports a finding of loss of wage-earning capacity for such calculation. Howard Industries should therefore not be required to file a cross-appeal in this case.

¶29. I find helpful the Mississippi Supreme Court's decision in *Watkins Dev., LLC v. Hosemann*, 214 So. 3d 1050 (Miss. 2017). In *Watkins*, the Court specifically looked at the appellants' notice of appeal, noting that appellants, Watkins and Watkins Development LLC, had *specified* their basis for appeal. *Id.* at 1052-53 (¶¶11-14). Under those circumstances, the Court held that the appellee, the Secretary of State, was required to file a cross-appeal addressing the portion of the Chancellor's ruling that was not appealed. *Id.* In this case, given the general nature of Nixon's notice of appeal placing into issue and challenging the evidentiary and legal support for the entire Commission's order, Howard Industries should

11

not have been required to file a cross-appeal.

¶30.    Precedent reflects that a cross-appeal is needed where consideration is sought on a separate basis for error than that raised by the appellant.  In *Brock*, for example, it appears that the Court was looking at the assignments of error in the briefing, not the contents of the notice of appeal.  In that case, however, the opinion did not set forth the contents of the notice of appeal.  The Court held:

> The Commission found that Brock [the appellant] had suffered a work related injury.  That conclusion was explicitly affirmed by the circuit court.  Brock in his appeal to the court did not address that finding, as of course there was no reason for Brock to challenge a favorable decision.  A cross-appeal is a request given to an appellate court to consider a separate basis for error by the trial court than those raised by the appellant.  Were we to agree with Brock's assignment of error, and we have, in order to avoid the effect of that agreement Hankins [the appellee] would have needed to raise as a cross-appeal the other alleged error by the trial court.  Hankins did not do so and the issue is not properly raised.

*Brock*, 786 So. 2d at 1068 (¶19); *see also, e.g.*, *Brown*, 68 So. 3d at 763 (¶¶21-23) ("Because Kim [the appellee] seeks to reverse the chancery court's finding that sections 93-16-3(1) and 96-16-5 are constitutional, and Annie [the appellant] did not raise the issue on direct appeal, Kim was required to file a cross-appeal.").  The analysis set forth in *Brock* does not apply in the case herein because the basis for error raised by Howard Industries is encompassed within Nixon's notice of appeal.

¶31.    The notice of appeal in this case stated as follows:

> COMES NOW, the Claimant, who . . . respectfully files this Notice Of Appeal to The Mississippi Supreme Court of the Order of the Mississippi Workers' Compensation Commission dated October 12, 2017, and assigns as grounds

12

for appeal the following:

1. The findings and opinions of the Mississippi Workers' Compensation Commission are not supported by substantial evidence.

2. The findings and opinions of the Mississippi Workers' Compensation Commission are contrary to the law.

3. The findings and opinions of the Mississippi Workers' Compensation Commission are arbitrary and capricious.

4. The Mississippi Workers' Compensation Commission failed to follow the mandates of statu[tory] law, including but not limited to Ms. Code Section 71-3-17.

Nixon, the appellant herein, sought reversal of the Commission's order and challenged the entire order as factually and legally deficient. Thus, to reverse and render upon review of the evidentiary and legal support for the Commission's order, no cross-appeal was required herein because the basis of this determination was encompassed within the appellant's notice of appeal.