CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 24. I concur in part because I, like the majority, would reverse the judgment of the Commission. I, however, would reverse the Commission's findings and render judgment in favor of Howard Industries because the record reflects that Nixon failed to show that he suffered a loss of wage-earning capacity and permanent disability. Precedent reflects that the degree of disability is determined by (1) actual physical injury; and (2) loss of wage earning capacity.
 
 See
 

 Gen. Elec. Co. v. McKinnon
 
 ,
 
 507 So.2d 363
 
 , 365 (Miss. 1987) ;
 
 Wilcher v. D. D. Ballard Const. Co.
 
 ,
 
 187 So.2d 308
 
 , 310-11 (Miss. 1966).
 

 ¶ 25. I submit that a review of the record reflects that the Commission and the AJ's determinations that Nixon overcame the presumption that he suffered no loss of wage-earning capacity were arbitrary and capricious, in that they were not supported by substantial evidence.
 
 [1]
 
 Nixon returned to work after his injury in a production job, in "Internal Assembly," and the record reflects that he was making more money post-injury in that assembly production job with the same employer, Howard Industries, than he earned pre-injury.
 
 See
 

 Weathersby v. Miss. Baptist Health Sys. Inc.
 
 ,
 
 195 So.3d 877
 
 , 883-85 (¶¶ 22-31) (Miss. Ct. App. 2016) (affirming Commission's finding that claimant failed to overcome presumption that claimant suffered no loss of wage earning capacity where claimant returned to work after injury with 100% impairment and continued to earn the same wages post injury);
 
 Herbert v. City of Horn Lake
 
 ,
 
 138 So.3d 943
 
 , 946 (¶¶ 10-11) (Miss. Ct. App. 2013) ;
 
 see also
 

 Agee v. Bay Springs Forest Prod., Inc.
 
 ,
 
 419 So.2d 188
 
 , 189 (Miss. 1982) (discussing a back injury where worker moved from job with lifting to fork-lift operator at same wages as before his injury);
 
 Smith v. Picker Serv. Co.
 
 ,
 
 240 So.2d 454
 
 , 456 (Miss. 1970) (discussing a back injury and post-injury increased wages where claimant failed to overcome presumption that he had not sustained impairment of earning capacity).
 

 ¶ 26. The majority finds that we cannot reverse on this basis because Howard Industries did not file a cross-appeal on the issue of whether Nixon showed that he had suffered a loss of wage-earning capacity and permanent disability. I disagree because the notice of appeal encompassed the basis upon which I would reverse this case.
 

 ¶ 27. Generally, "[i]n order for the appellee to gain reversal of any part of the decision of a lower tribunal about which the appellant brings no complaint, the appellee is required to file a cross appeal."
 
 Brock v. Hankins Lumber Co.
 
 ,
 
 786 So.2d 1064
 
 , 1068 (¶¶ 18-19) (Miss. Ct. App. 2000) ;
 
 see
 

 Brown v. Yates
 
 ,
 
 68 So.3d 758
 
 , 762 (¶¶ 21-23) (Miss. Ct. App. 2011) ;
 
 see also
 

 Dunn v. Dunn
 
 ,
 
 853 So.2d 1150
 
 , 1152 (¶¶ 3-8) (Miss. 2003). However, as stated, in this case, no cross-appeal was required because Nixon's notice of appeal challenged the entire Order and sought reversal of the Commission's ruling.
 

 ¶ 28. The record shows that Nixon "complained of" the entire Order in his notice of appeal. Nixon's notice of appeal was very broad, seeking reversal of the entire Order as "not supported by substantial evidence," "contrary to the law," and "arbitrary and capricious." Nixon did not attempt to limit the issues until he set out the statement of issues in his appellant's brief. Hence, at the time Howard Industries would have had to determine whether filing a cross-appeal was necessary, it had no notice from Nixon's notice of appeal that he was not pursuing all the issues raised by his notice of appeal but was instead only appealing the determination of the wage amount. Additionally, in this Court's review of the wage amount determination, we must necessarily review whether the record supports a finding of loss of wage-earning capacity for such calculation. Howard Industries should therefore not be required to file a cross-appeal in this case.
 

 ¶ 29. I find helpful the Mississippi Supreme Court's decision in
 
 Watkins Dev., LLC v. Hosemann
 
 ,
 
 214 So.3d 1050
 
 (Miss. 2017). In
 
 Watkins
 
 , the Court specifically looked at the appellants' notice of appeal, noting that appellants, Watkins and Watkins Development LLC, had
 
 specified
 
 their basis for appeal.
 

 Id.
 

 at 1052-53
 
 (¶¶ 11-14). Under those circumstances, the Court held that the appellee, the Secretary of State, was required to file a cross-appeal addressing the portion of the Chancellor's ruling that was not appealed.
 

 Id.
 

 In this case, given the general nature of Nixon's notice of appeal placing into issue and challenging the evidentiary and legal support for the entire Commission's order, Howard Industries should not have been required to file a cross-appeal.
 

 ¶ 30. Precedent reflects that a cross-appeal is needed where consideration is sought on a separate basis for error than that raised by the appellant. In
 
 Brock
 
 , for example, it appears that the Court was looking at the assignments of error in the briefing, not the contents of the notice of appeal. In that case, however, the opinion did not set forth the contents of the notice of appeal. The Court held:
 

 The Commission found that Brock [the appellant] had suffered a work related injury. That conclusion was explicitly affirmed by the circuit court. Brock in his appeal to the court did not address that finding, as of course there was no reason for Brock to challenge a favorable decision. A cross-appeal is a request given to an appellate court to consider a separate basis for error by the trial court than those raised by the appellant. Were we to agree with Brock's assignment of error, and we have, in order to avoid the effect of that agreement Hankins [the appellee] would have needed to raise as a cross-appeal the other alleged error by the trial court. Hankins did not do so and the issue is not properly raised.
 

 Brock
 
 ,
 
 786 So.2d at 1068
 
 (¶ 19) ;
 
 see also, e.g.
 
 ,
 
 Brown
 
 ,
 
 68 So.3d at 763
 
 (¶¶ 21-23) ("Because Kim [the appellee] seeks to reverse the chancery court's finding that sections 93-16-3(1) and 96-16-5 are constitutional, and Annie [the appellant] did not raise the issue on direct appeal, Kim was required to file a cross-appeal."). The analysis set forth in
 
 Brock
 
 does not apply in the case herein because the basis for error raised by Howard Industries is encompassed within Nixon's notice of appeal.
 

 ¶ 31. The notice of appeal in this case stated as follows:
 

 COMES NOW, the Claimant, who ... respectfully files this Notice Of Appeal
 to The Mississippi Supreme Court of the Order of the Mississippi Workers' Compensation Commission dated October 12, 2017, and assigns as grounds for appeal the following:
 

 1. The findings and opinions of the Mississippi Workers' Compensation Commission are not supported by substantial evidence.
 

 2. The findings and opinions of the Mississippi Workers' Compensation Commission are contrary to the law.
 

 3. The findings and opinions of the Mississippi Workers' Compensation Commission are arbitrary and capricious.
 

 4. The Mississippi Workers' Compensation Commission failed to follow the mandates of statu[tory] law, including but not limited to Ms. Code Section 71-3-17.
 

 Nixon, the appellant herein, sought reversal of the Commission's order and challenged the entire order as factually and legally deficient. Thus, to reverse and render upon review of the evidentiary and legal support for the Commission's order, no cross-appeal was required herein because the basis of this determination was encompassed within the appellant's notice of appeal.
 

 As the majority recognizes, "[t]his Court's review is limited to determining whether the Commission's decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated ... constitutional or statutory rights .... [T]he Commission is the ultimate fact-finder and judge of the credibility of witnesses; therefore, we may not reweigh the evidence that was before the Commission."
 
 Pulliam
 
 ,
 
 147 So.3d at 868
 
 (¶ 16). "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious."
 
 Short
 
 ,
 
 36 So.3d at 1251
 
 (¶ 20) (internal quotation marks omitted).