ON WRIT OF CERTIORARI
DICKINSON, PRESIDING JUSTICE,
FOR THE-COURT:
¶1. After suffering a fall at work, Linda Mitchell returned to the same position she had occupied before her injury and continued to work for more than seven months until she was terminated for a cause unrelated to the injury. She then sought and was awarded disability benefits from the Mississippi Workers’ Compensation Commission. But because the Administrative Law Judge (ALJ) and Commission both failed to recognize that Mitchell’s return to work created a rebuttable presumption that she suffered no loss of earning capacity, we reverse the award of disability benefits and remand this case to the Commission to apply the correct legal standard.
FACTS AND PROCEDURAL HISTORY
¶2. While working as a registered nurse supervisor at Hudspeth Regional Center, Linda Mitchell fell and injured her back. She went to the emergency room at Baptist Hospital and received follow-up treatment from several doctors. Six weeks following the fall, Mitchell returned to work at the same position, and she carried out the same job duties as prior to the accident. Seven months later, Hudspeth terminated her employment for cause, claiming that she had failed to examine a patient when asked to do so, and that she had a history of tardiness.
¶3. Then, Mitchell’s treating physician referred her for a functional-capacity evaluation, which revealed that she suffered from a 3% permanent partial impairment to the body as a whole. The physical therapist who performed the evaluation concluded that Mitchell could perform sedentary work, but should “not lift weight greater *610 than 20 lbs and 15 lbs overhead” and should avoid prolonged standing.
¶4. Then, Mitchell filed a petition to controvert with the Mississippi Workers’ Compensation Commission.
¶5. After the hearing, the ALJ concluded that Mitchell’s injury had resulted in a total loss of earning capacity and awarded Mitchell disability benefits. Both the full Commission and an evenly divided Court of Appeals affirmed the ALJ’s ruling.[1] We granted certiorari.
ANALYSIS
¶6. Mississippi Code Section 71-3-7 provides that “[compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease.”[2] Section 71-3-3 defines “disability” as “incapacity became of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings.”[3] In other words, to be due compensation under the Workers’ Compensation statutes, the employee’s work-related injury— and not some other cause—must affect the employee’s capacity to “earn the wages which the employee was receiving at the time of injury in the same or other employment.”[4]
¶7. In Omnova Solutions, Inc. v. Lipa, this Court recognized that “ ‘where an injured employee returns to work and receives the same or greater earnings as those prior to his injury, there is created a rebuttable presumption that he has suffered no loss in his wage-earning capacity.’ ”[5] There, Theresa Lipa suffered an on-the-job injury and filed a petition to controvert with the Workers’ Compensation Commission.[6] She then “returned to work at Omnova in her preinjury position, at her preinjury wage rate.”[7] Four to five months later, Lipa was demoted to a lower-paying position during a period of layoffs because a coworker exercised a privilege obtained through collective bargaining.[8] This Court reversed the ALJ’s award of disability benefits, finding Lipa’s demotion and loss of earnings were unrelated to her injury.[9]
¶8. Mitchell’s case is no different. Mitchell indisputably sustained an injury at work. But after she sustained the injury, she returned to work in the same position at the same or higher rate of pay. She continued to work in that position for more than seven months after the injury until she was terminated for cause. So as in Omnova, a rebuttable presumption arose that Mitchell “suffered no loss in [her] wage-earning capacity.” The ALJ committed legal error by failing to recognize this presumption. So, we reverse and remand for new findings applying the correct legal standard.
*611 CONCLUSION
¶9. The ALJ committed legal error by-failing to recognize the presumption that Mitchell suffered no loss in earning capacity because of her injury, and the Commission and Court of Appeals failed to correct the error. So we reverse the ALJ, the Commission, and the Court of Appeals and remand this case to the Commission for proceedings consistent with this - opinion.
¶10. REVERSED AND REMANDED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, KING, • COLEMAN AND BEAM, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. Hudspeth Reg’l Ctr. v. Mitchell, No. 2014-WC-01730-COA, 2015 WL 5813287 (Miss. Ct. App. Oct. 6, 2015).

. Miss. Code Ann. § 71-3-7(1) (Supp. 2016).

. Miss. Code Ann. § 71-3-3(i) (Rev. 2011) (emphasis added).

. Miss. Code Ann. § 71-3-7(1) (Supp. 2016).

. Omnova Sols., Inc. v. Lipa, 44 So.3d 935, 941 (Miss. 2010) (quoting Agee v. Bay Springs Forest Prods., Inc., 419 So.2d 188, 189 (Miss.1982)).

. Omnova Sols., Inc., 44 So.3d at 936.

. Id.

. Id.

. Id. at 941-42.