FAIR, J.,
FOR THE COURT:
¶ 1. Willie Perkins injured his- back sorting pipe-laying materials for Shannon Engineering and Construction Company. Perkins continued working for Shannon Engineering for almost two years after the injury, receiving the same compensation, until his employment ended for disputed reasons. After he reached maximum medical improvement, Perkins was restricted to medium-duty work.
¶2. The Mississippi Workers’ Compensation Commission awarded Perkins permanent partial disability benefits, but neither it nor the administrative judge *773 recognized the presumption that “where an injured employee returns to work and receives the same or greater earnings as those prior to his injury, there is created a rebuttable presumption that he has suffered no loss in his wage-earning capacity.” Omnova Sols. Inc. v. Lipa, 44 So.3d 935, 941 (¶ 17) (Miss. 2010) (quoting Agee v. Bay Springs Forest Prods. Inc., 419 So.2d 188, 189 (Miss. 1982)). The presumption is rebuttable, but the Mississippi Supreme Court has recently made it clear that the Commission’s failure to recognize and directly address the presumption is reversible error. See Hudspeth Reg’l Ctr. v. Mitchell, 202 So.3d 609, 611 (¶ 8) (Miss. 2016).
¶ 3. Although this point was raised in the employer/carrier’s brief on appeal, Perkins does not acknowledge it or address it directly.
¶ 4. We reverse the Commission’s decision and remand the case for further proceedings consistent with this opinion.
¶ 5. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.